

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,555-01

**EX PARTE ANTHONY CRUZ BERNAL, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. C-42,307-A IN THE 244TH DISTRICT COURT
## FROM ECTOR COUNTY

*Per curiam*.  ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to thirty years' imprisonment.  The Eleventh Court of Appeals affirmed his conviction. *Bernal v. State*, No. 11-14-00053-CR (Tex. App.—Eastland Jan. 28, 2016)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel (1) failed to interview and prepare for the testimony of Angelica Olivas.; (2)  failed to interview Gilbert

Ramirez and failed to question Mr. Ramirez regarding his inconsistent statements; (3) failed to investigate State's Exhibit 10: a surveillance video that was referenced in the police report; (4) failed to object to the damaging hearsay statement from Officer Cody Watts; (5) failed to suppress or object to the admission of Applicant's redacted interview; (6) failed to object to the prosecutor's comments alluding to Applicant's failure to testify and that the jury should convict Applicant "because the people of the community wouldn't stand for it and they should not either"; (7) failed to investigate and utilize Applicant's version of events in which Applicant alleges it was a third party who committed the offense and Applicant was "merely a party"; (8) failed to meaningfully cross-examine the DNA expert because he was not prepared for her testimony; (9) failed to request the appointment of a DNA expert; (10) failed to rebut the extraneous offense and present a video alibi; (11) improperly invited the jury to consider parole law; (12) reminded the jury about Applicant's criminal record; and, (13) failed to mitigate Applicant's involvement in the offense or plead for a sentence on the lower end of the range.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 22, 2017
Do not publish